IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 2:24-cr-00479-RAH-CWB |
| ANTHONY DAVIS | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

After fully reviewing the briefs and conducting an evidentiary hearing, the Magistrate Judge issued a Recommendation (doc. 36), on August 15, 2025, that Anthony Davis's Motion to Suppress (doc. 16) be denied. On August 29, 2025, Defendant filed an Objection to the Magistrate's Recommendation (doc. 37).

When a party objects to a Magistrate Judge's Recommendation, the district court must review the disputed portions *de novo. See* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *See Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Recommendation is reviewed for clear error. *See id*. And when a party chooses to raise an argument for the first time at the objection phase, rather than allowing the Magistrate Judge to consider it for report and recommendation, it is within the district court's discretion to consider those arguments. *See Stephens v.*

*Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also United States v. Holstick*, 810 F. App'x 732, 735 (11th Cir. 2020) (discussing in a motion to suppress context a district court's broad discretion whether to consider an argument first raised at the objection phase and after the magistrate judge submitted the report and recommendation).

Upon review, the legal arguments in Davis's Motion to Suppress (doc. 16) and Objection to the Magistrate's Recommendation (doc. 37) have shifted. In Davis's Motion to Suppress (doc. 16), his primary contention was that, despite possessing reasonable suspicion, Officer Huneycutt unconstitutionally prolonged the traffic stop. (*See* Doc. 16 at 2). In Davis's Objection to the Magistrate's Recommendation (doc. 37), he contends that "[a]lthough Officer Huneycutt may have been justified in prolonging the stop, he still lacked probable cause to search the entire vehicle and its containers . . . [and] exceeded the scope of the search." (Doc. 37 at 2, 3). While the tenor of the Defendant's arguments has changed, both bases were argued during the evidentiary hearing held on February 28, 2025, and so both will be addressed here. After an independent review of the record, the parties' briefs, the Magistrate Judge's Recommendation, and the Defendant's Objection, the Court agrees with the Magistrate Judge and will **ADOPT** the Magistrate Judge's Recommendation.

First, as mentioned in the Magistrate Judge's Recommendation and the Government's brief, *Rodriquez v. United States* makes clear that "[b]eyond determining whether to issue a traffic ticket, an officer's mission includes 'ordinary inquiries incident to [the] stop." *Rodriquez v. United States*, 575 U.S. 348, 355 (quoting *Illinois v. Caballes*, 543 U.S. 405, 408 (2005)). In that same vein, a stop may be prolonged upon "the reasonable suspicion ordinarily demanded to justify detaining an individual." *Caballes*, 543 U.S. at 407. Pertinent here is that neither side contests the fact that upon Officer Huneycutt's initial approach of the vehicle,

he observed an open container of alcohol in plain view, squarely in violation of Alabama's criminal code. *See* Ala. Code 1975 § 32-5A-330(B). Accordingly, Officer Huneycutt had the requisite level of reasonable suspicion, and probable cause for that matter, to detain Davis for as long as necessary to investigate Davis's violation of Ala. Code 1975 § 32-5-A-330(B).

Second, with respect to the scope of Officer's Huneycutt's search, "[i]f a car is readily mobile[,] and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." *U.S. v. Watts*, 329 F.3d 1282, 1285 (11th Cir. 2003) (citing *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996)). As mentioned above, Officer Huneycutt directly observed an open alcoholic beverage in the vehicle's console, which undoubtedly vested the officer with probable cause to believe that more contraband could be located within the vehicle. When such is the case, "[officers] may conduct a warrantless search of every part of the vehicle and its contents, including all containers and packages, that may conceal the object of the search. The scope of the search is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *U.S. v. Ross*, 456 U.S. 798, 798 (1982); *see also Wyoming v. Houghton*, 526 U.S. 295, 301 (1999) (quoting *United States v. Johns*, 469 U.S. 478, 479–80 (1985) (stating that *Ross* "held that if police officers have probable cause to search a lawfully stopped vehicle, they may conduct a warrantless search of any containers found inside that may conceal the object of the search")). Davis's contention is that "it was objectively unreasonable to believe that Officer Honeycutt would find evidence of an open beer can when he began searching in Mr. Davis's backpack." (Doc. 37 at 5). This contention, however, is contrary to the facts. It cannot be said that Officer Huneycutt—after observing an open container of alcohol in the vehicle—was unreasonable in thinking that there was a fair probability of

more open containers being located in the vehicle. *See United States v. John Henry Brown*, 411 F.2d 478, 478 (5th Cir. 1969) (finding probable cause to be present based on "information from [a] reliable informant that defendant was transporting . . . moonshine in the trunk of his automobile, . . . corroborated by . . . [a] heavily loaded vehicle[ and the] odor of moonshine."); *see also U.S. v. Hood*, 429 F.2d 677, 680 (9th Cir. 1974) (finding that, after a lawful stop, a plain view examination of pills created requisite probable cause to examine vials in the defendant's purse). Further, Davis fails to contest that the backpack was a container that *might conceal the object of the search*—in this case, alcohol. Accordingly, Officer Huneycutt did not unconstitutionally exceed the scope of a lawful vehicle search by looking into Davis's backpack. Thus, Davis's objection to the Magistrate Judge's Recommendation will be overruled.

## CONCLUSION

Upon an independent review of the record, the parties' briefs, the Magistrate Judge's Recommendation, and Defendant's Objection, it is **ORDERED** as follows:

1) Davis's *Objection to the Magistrates Report and Recommendation* (doc. 37) is **OVERRULED**;
2) The Magistrate Judge's Recommendation is **ADOPTED**; and
3) Davis's *Motion to Suppress* (doc. 16) is **DENIED**.

**DONE** and **ORDERED** on this 3rd day of September 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE